IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. 5:06-786-RBH-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CYNTHIA B. POUGH, a/k/a CYNTHIA B. HAMPTON, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

This action has been filed by plaintiff to foreclose a real estate mortgage on property located in the District of South Carolina, and for other relief. Defendant filed a pro se answer on June 13, 2006.

Plaintiff filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56 on September 20, 2006. As the defendant is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued by the Court on September 21, 2006, advising defendant of the important of a motion for summary judgment and of the need for her to file an adequate response. Defendant was specifically advised that if she failed to respond adequately, the plaintiff's motion may be granted. Defendant has failed to file any response to the plaintiff's motion which is now before the Court for disposition.[1]

**Discussion**

The evidence before the Court reflects that on July 29, 1987, the plaintiff executed a promissory note in favor of the United States of America, acting through the Farmers Home Administration, in the amount of $42,500. Plaintiff's Exhibit A. Simultaneously with the execution of this note, plaintiff also executed a purchase money mortgage, granting the real property that is subject of this mortgage foreclosure action as security for the money borrowed evidenced by the promissory note. See Plaintiff's Exhibit B. Plaintiff has submitted as Exhibit D an affidavit from Judy J. Capehart, a rural development manager, who attests that as

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

of August 23, 2006, the defendant is delinquent on her mortgage loan, and that the last payment by the defendant on her account was on October 21, 2005. On July 23, 2001, defendant was sent by certified mail a notice of acceleration, demand for payment, and notice of intent to foreclose. Plaintiff's Exhibit E.

As of August 23, 2006, the unpaid balance on this note was $65,215.81. Interest accrues thereafter at $7.8905 per day. Plaintiff's Exhibit C. Finally, Assistant United States Attorney Douglas Barnett has filed an affidavit wherein he states that, as of the date of the filing of the lis pendens in this action (March 13, 2006) [Plaintiff's Exhibit F], there were no persons other than the parties to this action who had or claimed any lien against the subject property, except for any lien for ad valorem taxes.

The undersigned finds that defendant was properly served with a copy of the summons and complaint on May 12, 2006, and that this court has jurisdiction of the matters alleged therein. As previously noted, defendant has filed no evidence, or even submitted any arguments, to context the plaintiff's evidence, or to dispute her delinquency on this note and mortgage.

## **Conclusion**

Based on the foregoing, it is recommended that the plaintiff's motion for summary judgment be granted, and that a judgment of foreclosure be entered in favor of the plaintiff for foreclosure of the real property that is the subject of this action, together with a monetary judgment against the defendant in the amount of $65,216.81 (as of August 23, 2006), with interest thereafter at the rate of $7.8905 per day; see Plaintiff's Exhibit C; together with any costs and expenses associated with this legal action as provided in the loan documents.[2] **The parties are referred to the Notice Page attached hereto.**

Respectfully submitted,

November 21, 2006                           s/Joseph R. McCrorey
Columbia, South Carolina                    United States Magistrate Judge

---

[2]Plaintiff should submit an affidavit to the Court for any additional fees and costs owed.

2

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).